UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 00065

---

In the Matter of the Arbitration Between    :

EVEREST REINSURANCE COMPANY,    :

                Petitioner,    :

      and    :

NATIONAL UNION FIRE INSURANCE    :
COMPANY OF PITTSBURGH, PA.,    :

                Respondent.    :

---

Docket No. _____

PETITION TO CONFIRM
ARBITRATION AWARD

RECEIVED
JAN - 7 2014
U.S.D.C. S.D. N.Y.
CASHIERS

---

Petitioner Everest Reinsurance Company ("Everest"), by and through its attorneys, Budd Larner, P.C., alleges as follows:

<u>Nature of the Petition</u>

1.    This is a Petition pursuant to 9 U.S.C. § 9 to confirm a reinsurance arbitration Final Award issued on December 17, 2013 (the "Final Award") in an arbitration between the parties.

<u>The Parties, Jurisdiction and Venue</u>

2.    Everest is a corporation organized under Delaware law, with its principal place of business in New Jersey.

3.    Upon information and belief, respondent National Union Fire Insurance Company of Pittsburgh, P.A. ("National Union") is a corporation organized under Pennsylvania law, with its principal place of business in New York.

4.      The Court has subject matter jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1), because the action is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5.      Venue is proper in this district pursuant to 9 U.S.C. § 9, because the arbitration hearing took place in New York, New York, and the arbitration award to be confirmed was made by the arbitration panel in New York, New York.  Venue also is proper under 28 U.S.C. § 1391(b) because National Union is a resident of this district and because the arbitration took place within this district.

Factual Background

A.      The Reinsurance Agreements and the Arbitration Clauses

6.      Everest and National Union entered into two reinsurance contracts (the "Contracts") under which Everest provides certain reinsurance to National Union subject to the terms, exclusions and conditions of the Contracts.  Specifically, the two Contracts are:  (1) the Third Blanket Casualty Excess of Loss Reinsurance Agreement; and (2) the Casualty Contingency Excess of Loss Reinsurance Agreement.  Copies of these Contracts are attached to the Declaration of Jeffrey S. Leonard dated January 7, 2014 ("Leonard Decl.") as Exhibits A and B, respectively.

7.      Each of the Contracts contains an arbitration clause providing in part that:

> All disputes or differences arising out of this Agreement shall be submitted to the decision of two arbitrators, one to be chosen by each party and in the event of the arbitrators failing to agree, to the decision of an umpire to be chosen by the arbitrators ....

> The Arbitration proceedings shall take place in New York, New York .... The arbitrators and umpire are relieved from all judicial formality and may abstain from following the strict rules of law.  They shall settle any dispute under this Agreement according to an equitable rather than a strictly legal interpretation of its terms and their decision shall be final and not subject to appeal.

2

Leonard Decl., Exhibit A at Addendum No. 1, Article XVII, p. EVNCR 2678; Exhibit B at Article XVII, p. EVNCR 15158.

8.      Under the Contracts, all disputes are required to be resolved by arbitration before a three-member panel, with each party designating an arbitrator and the two arbitrators selecting an umpire. Id.

9.      The Contracts further provide that the decision of the three-member panel shall be final and not subject to appeal. Id.

B.      The Arbitration and Final Award

10.      By letter dated December 28, 2011, National Union, through its parent company, American International Group (AIG), then known as Chartis, demanded arbitration against Everest under the Contracts with respect to National Union's claims for reinsurance for a loss incurred under a certain policy of insurance that National Union issued to NCR Corporation. Leonard Decl., Exhibit C.

11.      The arbitration proceeded before a three-member panel (the "Arbitration Panel") comprised of Andrew Maneval and Nasri Barakat, as the party-appointed arbitrators for National Union and Everest, respectively, and Thomas S. Orr, as the Umpire.

12.      At the Organizational Meeting on September 19, 2012, the Arbitration Panel was deemed properly constituted by Everest and National Union. Leonard Decl., Exhibit D at 22.

13.      Following discovery, the parties attended a one-day arbitration hearing on or about December 11, 2013 in New York, New York.

14.      The Arbitration Panel issued its Final Award on December 17, 2013. Leonard Decl., Exhibit E. The Final Award held that "National Union's claims against Everest Re are dismissed with prejudice in accordance with National Union's Notice of Withdrawal of

Arbitration which is attached to this Final Award." Id. at ¶ 1. In that Notice of Withdrawal, National Union stated that it would not dispute Everest's position that the NCR Policy is not covered by the treaties at issue in the arbitration. Id. at Attachment.

15. The Final Award also permitted the parties to use the depositions and documents produced in the arbitration in any other arbitration between the parties involving the NCR Fox River pollution claims. Id. at ¶ 5.

16. The Final Award ordered National Union to pay Everest $450,000 in attorneys' fees, costs and expenses within ten business days from the date of the Final Award. Id. at ¶ 6.

## COUNT I

17. Everest incorporates each of the allegations contained in paragraphs 1 through 16 of this Petition.

18. Pursuant to § 9 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 et seq., a court must confirm an arbitration award unless it is vacated, modified or corrected as prescribed in Sections 10 and 11 of the FAA.

19. No grounds exist under the FAA to vacate, modify or correct the Final Award.

20. No motion has been made to vacate, modify or correct the Final Award.

21. Everest is entitled to confirmation of the Final Award pursuant to the FAA.

WHEREFORE, Everest requests that the Petition be granted in all respects, and that the Court issue a judgment confirming the Final Award and granting Everest such other and further relief as is just and proper.

Dated: January 7, 2014
      Short Hills, New Jersey

                                BUDD LARNER, P.C.

                                150 John F. Kennedy Parkway
                                Short Hills, New Jersey 07078-2703
                                (973) 379-4800

                                and

                                260 Madison Avenue
                                18th Floor
                                New York, New York 10001
                                (212) 953-0000

                                Attorneys for Petitioner
                                Everest Reinsurance Company

                                By: _____
                                    JOSEPH J. SCHIAVONE
                                  JEFFREY S. LEONARD
                                  MARK HOERRNER
                                  DAVID I. SATINE

963938