UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In the Matter of the Arbitration Between

EVEREST REINSURANCE COMPANY,

                Petitioner,

and

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,

                Respondent.

: Docket No. 14 CV 00065 (HB)

---

## MEMORANDUM OF LAW IN SUPPORT OF
## PETITION TO CONFIRM ARBITRATION AWARD

---

BUDD LARNER, P.C.

150 John F. Kennedy Parkway
Short Hills, New Jersey 07078-2703
(973) 379-4800

and

260 Madison Avenue
18th Floor
New York, New York 10001
(212) 953-0000

Attorneys for Petitioner
Everest Reinsurance Company

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

THE PARTIES, JURISDICTION AND VENUE .................................................................. 1

FACTUAL BACKGROUND .................................................................................................. 2

      A.     The Reinsurance Agreements and the Arbitration Clauses ........................ 2

      B.     The Arbitration and Final Award ................................................................ 3

ARGUMENT ............................................................................................................................ 4

      THE FINAL AWARD SHOULD BE CONFIRMED ................................................ 4

CONCLUSION ........................................................................................................................ 6

## TABLE OF AUTHORITIES

**PAGE**

**CASES**

Am. Centennial Ins. Co. v. Global Int'l Reinsurance Co., 2012 U.S. Dist. LEXIS 94754
(S.D.N.Y. July 9, 2012) .................................................................................................. 5

Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 128 S. Ct. 1396 (2008) .......................... 4, 5

Scandinavian Reinsurance Co. v. St. Paul Fire & Marine Ins. Co., 668 F.3d 60 (2d Cir. 2012) ... 5

**OTHER AUTHORITIES**

28 U.S.C. § 1332(a)(1) .................................................................................................................. 1

28 U.S.C. § 1391(b) ...................................................................................................................... 2

9 U.S.C. § 9 ................................................................................................................................ 1, 4

## PRELIMINARY STATEMENT

This is a Petition pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, to confirm a Final Award issued on December 17, 2013 (the "Final Award") in a reinsurance arbitration between petitioner Everest Reinsurance Company ("Everest") and respondent National Union Fire Insurance Company of Pittsburgh, PA ("National Union").

Everest and National Union are parties to two reinsurance contracts under which Everest provides certain reinsurance to National Union subject to the terms, exclusions and conditions of the contracts. The contracts contain a broad arbitration clause. National Union commenced an arbitration to recover amounts allegedly due under the contracts, arising from losses that National Union paid under a certain policy of insurance that it issued to NCR Corporation.

Following discovery, the parties attended a one-day arbitration hearing on or about December 11, 2013. The arbitration panel issued a Final Award on December 17, 2013. No motion to vacate or modify the Final Award has been made and there are no grounds to do so. Everest is, therefore, entitled to a judgment confirming the Final Award.

## THE PARTIES, JURISDICTION AND VENUE

The Court has subject matter diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), because it is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Everest is a corporation organized under Delaware law, with its principal place of business in New Jersey. Upon information and belief, National Union is a corporation organized under Pennsylvania law, with its principal place of business in New York.

Venue is proper in this district pursuant to 9 U.S.C. § 9, because the arbitration hearing took place in New York, New York, and the arbitration award to be confirmed was made by the

arbitration panel in New York, New York. In addition, venue is proper under 28 U.S.C. § 1391(b) because National Union is a resident of this district and because the arbitration took place within this district.

## FACTUAL BACKGROUND

### A.   The Reinsurance Agreements and the Arbitration Clauses

Reinsurance enables an insurance company to insure its liability under insurance policies that it issues to its insureds. In reinsurance, the insurer (often referred to in this context as the "cedent") transfers a portion of its liability to a reinsurer, subject to the terms, exclusions and conditions of the reinsurance contract.

Everest and National Union entered into two reinsurance contracts ("Contracts") under which Everest provides certain reinsurance to National Union subject to the terms, exclusions and conditions of the Contracts. The Contracts at issue are the Third Blanket Casualty Excess of Loss Reinsurance Agreement and the Casualty Contingency Excess of Loss Reinsurance Agreement (also referred to by AIG as Treaty 7933 and 7934). Copies of these Agreements are attached to the Declaration of Jeffrey S. Leonard dated January 7, 2014 ("Leonard Decl.") as Exhibits A and B, respectively.

Each of the Contracts contains a broad arbitration clause providing in part that all disputes are to be resolved by arbitration before a three-member Panel, with each party designating an arbitrator and the two arbitrators selecting an umpire:

> All disputes or differences arising out of this Agreement shall be submitted to the decision of two arbitrators, one to be chosen by each party and in the event of the arbitrators failing to agree, to the decision of an umpire to be chosen by the arbitrators ....

Leonard Decl., Exhibit A at Addendum No. 1, Article XVII, p. EVNCR 2678; Exhibit B at Article XVII, p. EVNCR 15158.

2

The Contracts further provide that the arbitration shall take place in New York, New York, and that the decision of the arbitral panel shall be final and not subject to appeal:

> The Arbitration proceedings shall take place in New York, New York .... The arbitrators and umpire are relieved from all judicial formality and may abstain from following the strict rules of law. They shall settle any dispute under this Agreement according to an equitable rather than a strictly legal interpretation of its terms and their decision shall be final and not subject to appeal.

Id.

### B.  The Arbitration and Final Award

By letter dated December 28, 2011, National Union, through its parent company, American International Group (AIG), then known as Chartis, demanded arbitration against Everest under the Contracts to recover amounts allegedly due relating to claims arising from losses incurred under a certain policy of insurance that National Union issued to NCR Corporation regarding the Fox River contamination. Leonard Decl., Exhibit C.

The arbitration proceeded before a three-member panel (the "Arbitration Panel") comprised of Andrew Maneval and Nasri Barakat, as the party-appointed arbitrators for National Union and Everest, respectively, and Thomas S. Orr, as the Umpire. At an Organizational Meeting on September 19, 2012, the parties agreed that the Arbitration Panel was properly constituted. Leonard Decl., Exhibit D at 22. Following discovery and a withdrawal by National Union of its claims, the parties attended a one-day arbitration hearing on or about December 11, 2013 in New York, New York.

The Arbitration Panel issued its unanimous Final Award on December 17, 2013. A copy of the Final Award is attached to the Leonard Declaration as Exhibit E. The Final Award held that "National Union's claims against Everest Re are dismissed with prejudice in accordance with National Union's Notice of Withdrawal of Arbitration which is attached to this Final Award."

Leonard Decl., Exhibit E at ¶ 1. In that Notice of Withdrawal dismissing its arbitration claims, National Union stated that documents raised serouse issues as to the scope of coverage under treaties 7933 and 7934 related to the NCR policy. Id. at Attachment.

The Final Award also permitted the parties to use the depositions and documents produced in the arbitration in any other arbitration between the parties involving the NCR Fox River pollution claims. Id. at ¶ 5. In addition, the Final Award ordered National Union to pay Everest $450,000 in attorneys' fees, costs and expenses within ten business days of the Final Award. Id. at ¶ 6.

National Union has not moved to vacate or modify the Final Award.

## ARGUMENT

## THE FINAL AWARD SHOULD BE CONFIRMED

This Petition to confirm the Final Award is governed by the FAA, 9 U.S.C. § 9, which provides that the court "must grant" an order confirming an arbitration award unless the award is vacated, modified or corrected:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon *the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title* [9 U.S.C. §§ 10, 11]. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9 (emphasis added). See, e.g., Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 587, 128 S. Ct. 1396, 1405 (2008) (citations omitted) (there is "nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies"); Scandinavian Reinsurance Co. v. St. Paul Fire & Marine Ins.

4

Co., 668 F.3d 60, 78 (2d Cir. 2012) ("a court 'must' confirm an arbitration award 'unless' it is vacated, modified or corrected 'as prescribed' in §§ 10 and 11").

National Union has not moved to vacate, modify or correct the Final Award, and even if it were to do so, there simply would be no basis to deny confirmation of the Final Award. Judicial review of arbitration awards under the FAA is "severely limited." Scandinavian Reinsurance Co., 668 F.3d at 71. The Court is enjoined from revisiting the merits of the parties' claims and defenses in the arbitration. See Am. Centennial Ins. Co. v. Global Int'l Reinsurance Co., 2012 U.S. Dist. LEXIS 94754, *17 (S.D.N.Y. July 9, 2012) ("The arbitrator's 'rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case.'").

This strong presumption in favor of confirming arbitration awards is based on the national policy favoring arbitrations:

> That aside, expanding the detailed categories [for vacating an award] would rub too much against the grain of the § 9 language, where provision for judicial confirmation carries no hint of flexibility. On application for an order confirming the arbitration award, the court "must grant" the order "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." There is nothing malleable about "must grant," which unequivocally tells courts to grant confirmation in all cases, except when one of the "prescribed" exceptions applies. This does not sound remotely like a provision meant to tell a court what to do just in case the parties say nothing else.
>
> * * * * *
>
> Instead of fighting the text, it makes more sense to see the three provisions, §§ 9-11, as substantiating a national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway. Any other reading opens the door to the full-bore legal and evidentiary appeals that can "rende[r] informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process,"…and bring arbitration theory to grief in postarbitration process.

Hall St. Assocs. 552 U.S. at 587-88, 128 S. Ct. at 1405 (citations omitted).

Here, no grounds exist to disturb the Final Award. Accordingly, the Court should issue an Order confirming the Final Award.

## CONCLUSION

For the foregoing reasons, Everest requests that the Petition be granted in all respects, and that the Court issue an Order and Judgment confirming the December 17, 2013 Final Award, and granting Everest such other and further relief as is just and proper.

Dated: January 7, 2014
      Short Hills, New Jersey

                        BUDD LARNER, P.C.

                        150 John F. Kennedy Parkway
                        Short Hills, New Jersey 07078-2703
                        (973) 379-4800

                        and

                        260 Madison Avenue
                        18th Floor
                        New York, New York 10001
                        (212) 953-0000

                        Attorneys for Petitioner
                        Everest Reinsurance Company

                        By: _____
                            JOSEPH J. SCHIAVONE
                            JEFFREY S. LEONARD
                            DAVID I. SATINE

963941